**AMERICAN FIDELITY & CASUALTY COMPANY, Inc.**

v.

**L. D. KNOX.**

**Civ. A. No. 6477.**

United States District Court
W. D. Louisiana,
Monroe Division.

July 28, 1958.

**4**

James D. Sparks, Thompson, Thompson & Sparks, Monroe, La., for plaintiff.

Carey J. Ellis, Jr., Ellis & Ellis, Rayville, La., for defendant.

BEN C. DAWKINS, Jr., Chief Judge.

This is a suit by American Fidelity & Casualty Company, Inc., against defendant seeking a judgment by this Court declaring that a public liability insurance policy heretofore issued by plaintiff to defendant on his tractor-trailer was cancelled and rescinded not later than January 1, 1957, and in any event prior to January 11, 1957. Plaintiff invokes the provisions of Title 28 U.S.C.A. § 2201 for the purpose of declaring and establishing the rights and legal relationships between the parties.

The gravamen of the complaint is as follows: Defendant purchased the public liability insurance policy, which is the subject of this suit, through McKenzie & Mouk, Inc., an insurance agency in Monroe, Louisiana. He was unable to pay the amount of the premium, and arranged through the insurance agent to finance the then unpaid balance due on the premium of $650.47 with Central Savings Bank & Trust Company in Monroe, Louisiana. A written finance agreement was prepared by the bank and duly executed by defendant wherein he agreed to pay the balance due on the premium in monthly installments of $72.28 each. Defendant failed to pay the monthly installments due on November 1 and December 1, 1956, as provided for in his agreement with the bank, and as a result the bank called upon McKenzie & Mouk, Inc., to take up the contract and pay the balance owing by defendant. During December, 1956, McKenzie & Mouk, Inc., wrote defendant three letters relating to his failure to pay the amount due the bank, in two of which defendant was informed that his policy had been cancelled.

Plaintiff contends that under applicable Louisiana law, the terms of the policy, and the provisions of the finance agreement (which it contends was assigned to it when the agency paid the unpaid balance due by defendant) the policy of insurance was fully cancelled not later than January 1, 1957, or in any event, prior to January 11, 1957.

The date of January 11, 1957, is important to plaintiff since the truck which was covered by the public liability insurance policy was involved in an accident in Tennessee on that date resulting in personal injuries to third parties. Litigation is now pending in that State arising out of this accident. Plaintiff contends that in the event defendant Knox should be cast in this litigation, it is in no manner responsible to pay all or any portion of any judgment which might be obtained against him as its policy was no longer in force or effect on that date.

Defendant appeared and answered the suit. The principal defense urged is that the policy of insurance must contain the entire contract between the parties under Louisiana law, and the provisions of the premium finance agreement between Knox and the bank cannot be considered here since it was not expressly made a part of the policy agreement, and is in conflict with it. Defendant contends further that none of the three letters written by McKenzie & Mouk, Inc., served to cancel the policy because they were uncertain in that they did not specifically set forth the date on which the policy would be considered cancelled, and were not an unequivocal notice of cancellation.

The deposition of defendant Knox was taken by plaintiff. In this deposition defendant admitted he had been unable to, and did not, pay the installments due on the premium finance agreement for November and December, 1956, and that thereafter he received in the mail the three letters written by McKenzie & Mouk, Inc., now relied upon by plaintiff as sufficient to cancel the contract.

Knox also stated in his deposition that he did not make any effort to answer the letters or to re-instate the policy subsequent to their receipt.

Plaintiff has filed a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S. C.A. and contends that the three letters written by McKenzie & Mouk, receipt of which is acknowledged by defendant, effectively served to cancel the public liability policy involved.

The Court now decides and finds as follows:

### Findings of Fact

1.

On May 25, 1956, American Fidelity & Casualty Company, Inc., issued to defendant L. D. Knox its public liability insurance policy No. AL 37358 covering the truck and trailer unit particularly described therein for a total premium of $736.89.

2.

Defendant L. D. Knox was unable to pay the full amount of the premium and arranged to finance the unpaid balance, $650.47, through Central Savings Bank & Trust Company of Monroe, Louisiana. When he borrowed these funds he entered into a written finance agreement in which he irrevocably appointed the bank or its assigns his attorney and agent with full authority to cancel the insurance policy if he failed to pay any of the installments on the loan.

3.

L. D. Knox failed to pay the November and December, 1956, loan installments, in the amount of $72.28 each, when due. McKenzie & Mouk, Inc., the insurance agent who sold the policy to defendant, had guaranteed the payment of the amount due by Knox, and in December the bank called upon the agency to pay the balance due. On December 12, 1956, the agency wrote a letter to Knox stating that unless they received immediately the payments due for November and December, they would be forced to cancel the policy. No reply to this letter was received from Knox.

4.

Subsequent thereto, McKenzie & Mouk, Inc., paid the amount due the bank by Knox, and the premium finance agreement was transferred to the agency by the bank.

5.

On December 20, 1956, McKenzie & Mouk, Inc., wrote Knox the following letter which he admits receiving:

"Dear Mr. Knox:

"Because the draft drawn on you in the amount of $144.56 was not honored *we have today cancelled your insurance* your account credit for the return premium. This leaves a balance due us of $98.51 and unless we receive check for this amount by January 3rd the account will be placed in the hands of our attorney for collection. This action will cost you an additional amount and we therefore urge you to send us your check by return mail.

"Yours very truly,
McKenzie & Mouk, Inc.
/s/ H. A. Mouk
H. A. Mouk"

(Emphasis ours.)

6.

Plaintiff wrote defendant another letter under date of December 26, 1956, which he admits having received. This letter read as follows:

"Dear Sir:

"In accordance with the terms of the captioned policy, you were given a ten day notice of cancellation by McKenzie & Mouk, Agency of your policy, for non-payment of premium. You received this notice on December 14th. *Please be advised that your policy was cancelled effective December 23, 1956 as your agent indicated in his letter to you.* The cancellation is effective ten (10) days from the date you received this notice.

"Yours very truly,
/s/ Florence Masters
Florence Masters
Underwriting"

(Emphasis ours.)

**7.**

The public liability insurance policy involved herein contains the following provision relating to cancellation by the insurer:

"This policy may be cancelled by the Company by mailing to the named insured at the address shown in this policy written notice stating when not less than ten days thereafter such cancellation shall become effective * * *".

**8.**

Louisiana Statutes Annotated–Revised Statutes, Title 22, Section 636, dealing with the cancellation of a policy of insurance by the insurer provides in part as follows:

"Written notice of such cancellation must be actually delivered or mailed to the insured or to his representative in charge of the subject of the insurance not less than five days prior to the effective date of the cancellation."

**9.**

Defendant L. D. Knox admits that after receipt of the letters dated December 20 and December 26, 1956, he made no effort to pay the unpaid portion of the premium, nor did he make any other effort to maintain the policy in full force and effect.

**10.**

■ The Court finds as a fact that the letter of December 12 was nothing but a demand for payment of the premium, but that the letters dated December 20 and December 26 were definite notices of cancellation of the contract of insurance sufficient under the terms of the policy to cancel the agreement.

**11.**

The letter of December 20 served to cancel the policy under the terms of the policy agreement not later than December 31, 1956, and, if for any reason this communication was insufficient (the Court finds, however, that it was a sufficient notice) then the policy was cancelled ten days subsequent to December 26, 1956, or not later than January 6, 1957.

**12.**

The Court finds that the policy of liability insurance had been fully cancelled prior to the accident on January 11, 1957.

Conclusions of Law

**1.**

■ The law is clear and well settled that when a notice declares that the cancellation of a policy is presently operative, or fixes the time shorter than that prescribed, where the policy requires a given number of days' notice, it becomes effective at the expiration of the prescribed period. 32 Corpus Juris 1249; 45 C.J.S. Insurance § 450; 35 A.L.R. 899.

**2.**

The Insurance Code of the State of Louisiana, LSA–R.S. 22:636, provides only that written notice of such cancellation must be actually delivered or mailed to the insured or to his representative not less than five days prior to the effective date of the cancellation. The notice of December 20, 1956, was received by defendant L. D. Knox more than five days prior to the effective date of the cancellation under the terms of the policy.

**3.**

■ The purpose of the cancellation provision contained in the insuring agreement, and the Louisiana Statute on the same subject, is to bring home to the insured that his policy was being cancelled and afford him sufficient time in which to obtain other insurance protection. This object was fully served by the letter of December 20 and also by the letter of December 26, 1956. Under the strictest interpretation of the policy and the Louisiana Statute, defendant's rights were properly observed and fully protected by the letter received by him from McKenzie & Mouk, Inc., dated December 20, 1956, and by the letter from plaintiff dated December 26, 1956.

**4.**

Plaintiff, American Fidelity & Casualty Company, Inc., is entitled to judgment herein declaring that said public liability insurance policy issued by it to defendant was fully cancelled and rescinded effective by no later than January 6, 1957, with further judgment that third parties are not entitled to assert any rights thereunder from and after January 7, 1957.

**5.**

Costs of Court are to be paid by defendant.