**ARGONAUT SOUTHWEST INSURANCE COMPANY, Appellant,**

**v.**

**AMCO MESH & WIRE COMPANY, Appellee.**

**No. 17671.**

Court of Civil Appeals of Texas,
Dallas.

Oct. 1, 1971.

Rehearing Denied Nov. 12, 1971.

C. A. Searcy Miller, Anderson, Henley, Shields, Bradford & Pritchard, Dallas, for appellant.

Norman C. Stafford, Stafford & Patten, Houston, for appellee.

BATEMAN, Justice.

The principal question in this case is whether a certain workmen's compensation policy was cancelled first by the insurer or the insured. The appellant Argonaut Southwest Insurance Company contends the appellee Amco Mesh & Wire Company cancelled first, entitling appellant to a premium computed on a "short rate basis," in the sum of $58,897. Appellee says the policy was cancelled first by the appellant, which was entitled to a premium calculated on a pro rata basis, in the sum of $5,281.

The jury found: (1) that appellee did not cancel first; (2) that appellant did cancel first; (3) that if appellee had first cancelled, the premium would be "$0.00"; and (4) that if appellant had first cancelled, the premium would be $5,281. The trial court rendered judgment on this verdict for appellant for $5,281. It appeals, claiming $58,897.

In its first four points of error on appeal appellant attacks the jury's findings in response to Special Issues Nos. 1 and 2 on the ground that there is no evidence and, alternatively, insufficient evidence to support them and that the findings are so contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong and unjust. By its fifth point of error appellant contends its motion for judgment *non obstante veredicto* should have been sustained since the evidence showed clearly that appellee first cancelled.

Appellant had issued to appellee this workmen's compensation policy, as well as certain liability insurance, on the retro-

spective premium plan. Under this plan, the basic premium is adjusted at certain intervals so that, within limits, the insurer is reimbursed for losses and certain expenses paid by it under the policy, and the insured is, to a certain extent, self-insured; i. e., his premium is based to a large extent on the losses paid and expenses incurred by the insurer under his policy.

This workmen's compensation policy bore what is termed a Railroad Commission endorsement to show compliance with the Railroad Commission requirement that those to whom it has issued permits are covered by satisfactory workmen's compensation insurance. The presence of this endorsement on the policy increases the premium substantially. Certain plans of appellee changed and it was no longer necessary for it to have the Railroad Commission permit. It sent the permit and plates back to the Commission and requested appellant to cancel the Railroad Commission endorsement on the policy. Appellant sent the following printed form to the Commission after filling in the blank spaces as shown:

NOTICE OF CANCELATION OF
INSURANCE POLICY

Form No. Tex.R.R.C.999       Filed With
To be sent to —       MOTOR TRANSPORTATION       Permit or Certificate Number
MOTOR TRANSPORTATION DI-       DIVISION       (To be filled in by R.R.Com.)
VISION       Railroad Commission of Texas
Railroad Commission       Austin, Texas       24795
      of Texas
      Austin, Texas
Received
Date JAN 22 1968 MW       (Executed in Triplicate)

This is to advise that, under the terms of Standard Workmen's Compensation Policy No. SC–40–233–709045
      (Kind of Policy)
issued to Amco Wire & Mesh Company, Inc. of 9600 Old Katy Road, Houston, Texas by Argonaut Southwest
      (Name of Insured)       (Address of Insured)       (Name of Company)
Insurance of 250 Middlefield Rd., Menlo Park, California said policy, including any and all endorsements at-
      (Address of Company)
tached thereto or issued in connection therewith, and all certificates pertaining thereto are hereby canceled
effective as of the 22nd day of February, 1968, 12:01 A.M., standard time at the address of the named
insured as stated in said policy, provided said date is not less than 30 days after receipt of this notice by
the Railroad Commission of Texas.

Insurance Company File No. SC–40–221–709045
      (Such number shown on the Railroad Commission
      of Texas Certificate must be inserted above.)

      /s/ James Provard
      James Provard
      Authorized Company Representative
      7600 Carpenter Frwy., Dallas, Texas
      (Address of Authorized Company Representative)

Appellant sent a copy thereof to appellee, which received it on January 23, 1968. Appellee promptly made arrangements with another company for coverage beginning February 1, 1968, and wrote the following letter to appellant:

January 31, 1968

Argonaut Insurance Companies
7600 Carpenter Freeway
Dallas, Texas    75247
Re: Policy No. SC–40–233–709045—Workmen's Compensation
Gentlemen:
      The captioned policy is enclosed for cancellation as of February 1, 1968.

      Yours very truly,
      Amco Mesh & Wire Co., ETAL
      By /s/ W. A. Schindler
      William A. Schindler, President

Appellant's Senior Underwriter, James Provard, testified that in sending the above quoted Notice of Cancellation appellant did not intend to cancel the entire policy, but only the Railroad Commission endorsement thereon, and that the reason for using this form, wherein it is unequivocally stated that the insurer is cancelling the entire policy, was that it was the only one the Commission would accept, and that even if he wrote a letter to the Commission attempting to cancel merely the certification of insurance with the Commission he would be informed that this was unsuitable and that he must use the form R.R.C.–999; that he knows of no other form by which he could cancel a "Railroad Commission filing." On cross-examination he said he did "not know whether they would accept a letter form," and "would assume they would not."

■ Without unduly extending this opinion by summarizing the testimony of all the witnesses, the foregoing is a statement of the substance of the pertinent evidence. Looking at it in the light most favorable to appellant, we cannot say there was no evidence to support the jury's findings in response to Special Issues Nos. 1 and 2. Neither can we say the evidence was insufficient to support them or that they are contrary to the overwhelming weight of the evidence.

Appellant argues that since the policy provided the manner of cancellation by the insurer, the insurer must strictly comply with the provisions of the policy to effect a cancellation. The policy provided that it may be cancelled by the insurer by mailing to the insured written notice stating when not less than ten days thereafter such cancellation shall be effective. Appellant says there is absolutely no evidence that this was done or even attempted. However, its Senior Underwriter testified that a copy of the above quoted Form R.R.C.–999 was sent to appellee, and W. A. Schindler, appellee's president, testified that he received it on January 23, 1968. The form states quite plainly that the "policy, including any and all endorsements attached thereto or issued in connection therewith, and all certificates pertaining thereto are hereby canceled," etc. It was not accompanied by any letter of explanation, disclosing to appellee Mr. Provard's secret intention for this form to have a meaning quite different from that expressed therein. In our opinion appellee was entitled to accept this form as the notice of cancellation by the insurer provided in the policy.

Appellant also argues that since the form in question on its face did not become effective until February 22, 1968, the policy was still in full force and effect when appellee wrote its letter of January 31, 1968 surrendering the policy "for cancellation as of February 1, 1968," and that this shows that appellee cancelled first. We do not agree with appellant.

The pertinent provisions of the policy in question were:

"15. Cancellation. This policy may be cancelled by the insured by surrender thereof to the Company or any of its authorized agents or by mailing to the Company written notice stating when thereafter the cancellation shall be effective. This policy may be cancelled by the Company by mailing to the insured at the address shown in this policy written notice stating when not less than ten days thereafter such cancellation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice. The time of the surrender or the effective date and hour of cancellation stated in the notice shall become the end of the policy period. Delivery of such written notice either by the insured or by the Company shall be equivalent to mailing.

"If the insured cancels, unless the manuals in use by the Company otherwise provide, earned premium shall be (1) computed in accordance with the customary short rate table and procedure and (2) not less than the minimum premi-

um stated in the Declarations. If the Company cancels, earned premium shall be computed pro rata."

It has been uniformly held, and we think it is quite obvious, that the purpose of the provision requiring several days' notice of the insurer's intent to cancel is to give the insured reasonable warning and sufficient time to procure other insurance. 43 Am.Jur.2d, Insurance, § 404, p. 449; Commercial Union Fire Ins. Co. v. King, 108 Ark. 130, 156 S.W. 445 (1913); American Fidelity & Casualty Co. v. Knox, 164 F. Supp. 3, 6 (U.S.Dist.Ct., La. 1958); Emmott v. Slater Mut. Fire Ins. Co., 7 R.I. 562 (1863).

■ It seems to be also well settled that such requirement, being for the benefit of the insured, may be waived by him. 32 Tex.Jur.2d, Insurance, § 92, p. 178; Dalton v. Norwich Union Fire Ins. Soc., 213 S.W. 230, 231 (Tex.Comm'n App. 1919, jdgmt. adopted); Globe Fire Ins. Co. v. Limburger, 193 S.W. 222, 224 (Tex.Civ.App., San Antonio 1917, writ ref'd); New Zealand Ins. Co. v. Larson Lumber Co., 13 F.2d 374 (Cir. 7, 1926); 43 Am.Jur.2d, Insurance, § 415, p. 463.

■ Moreover, regardless of the policy provisions as to cancellation, a policy may be cancelled by the mutual consent of the parties thereto. Polemanakos v. Austin Fire Ins. Co., 160 S.W. 1134, 1137 (Tex. Civ.App., San Antonio 1913, reversed on other grounds, Com.App., 207 S.W. 922). As said in Judge Sadler's concurring opinion in Austin Fire Ins. Co. v. Polemanakos, 207 S.W. 922, 926 (Tex.Comm'n App. 1919, jdgmt. adopted):

"In the instant case the insurance agent notified the assured of the cancellation of the policy, and, acting upon the notification of cancellation, the assured sought to and did obtain insurance, manifesting a clear acceptance of the act of cancellation on the part of the company * * *."

That, in our opinion, is precisely what the insured did in the case at bar. To hold that in doing so it cancelled first and incurred liability for a premium more than ten times the pro rata or earned premium would assess against the insured an unreasonably harsh penalty not contemplated by the parties.

The question, as we see it, is not which cancellation became *effective* first, but which of the two parties to the contract first exercised its contractual right to cancel—which party first *willed* that it be cancelled and took the necessary steps to effect cancellation. In that perspective we hold that there was sufficient evidence to support the jury's answers to Special Issues Nos. 1 and 2 and overrule Points of Error Nos. 1 through 5.

■ By its Points of Error Nos. 6 and 7 appellant says the trial court erred in rendering judgment on the jury finding in response to Special Issue No. 3, that there was no premium due if appellee first cancelled the policy, because (6) there was no evidence and (7) insufficient evidence to support the finding, and the finding was against the overwhelming weight of the evidence. While we are inclined to agree with appellant as to the lack and insufficiency of the evidence to support this finding, we consider the matter to be immaterial. The jury found on competent evidence that the appellee did not first cancel the policy. That being true, an inquiry as to what amount of premium would have been due if it had done so produces only idle speculation. Therefore, no reversible error is shown, and Points 6 and 7 are overruled.

■ In appellant's eighth and last point of error it complains of the conduct of the trial court in handling three notes from the jury after the jury had retired to consider their verdict. It would serve no purpose to set these notes and the trial judge's replies thereto out in detail. It will suffice to say that the jurors were evidently in disagreement concerning the contents of a

**848**

certain letter from appellee's president, Schindler, to appellant, which was never physically introduced into evidence but was read by appellant's Underwriting Manager, Larry Orth, while he was being cross-examined by appellee's counsel. It referred to the matter of excluding from the policy as an insured a subsidiary or affiliate of appellee known as Schindler Brothers Steel Company. This exclusion was effective July 13, 1967. Appellee's counsel was endeavoring to show that the retrospective premium claimed by appellant was excessive in that payrolls of Schindler Brothers Steel Company after July 13, 1967 were considered in calculating the premium.

He failed in this effort, the evidence being that appellee was eventually given full credit. We have carefully studied appellant's argument under this point, and its bill of exceptions upon which the point is based, and we see nothing to indicate that anything was done in this respect which could be said to have prejudiced appellant. Rules 287 and 434, Texas Rules of Civil Procedure. Point No. 8 is, therefore, overruled.

Affirmed.