HUGHES, J.
|?This is an appeal from a summary judgment rendered against plaintiff/appellant, Mark Strickland, and in favor of defendants/appellees, Carl Mixon and State Farm Mutual Automobile Insurance Company (State Farm.) For the reasons that follow, we reverse and remand.
FACTS AND PROCEDURAL HISTORY
On August 12, 2008[1] Mr. Mark Strickland applied for and was issued a policy of insurance by State Farm, effective August 12, 2008. On his application, Mr. Strickland advised State Farm that his driver’s license was issued on August 28, 2007, less than three years prior to the date of the application, and he provided his mailing address to State Farm, as follows:
Southern University
SU Box 13716
Baton Rouge, La. 70813-3716
State Farm does not dispute that Mr. Strickland’s address was incorrectly entered into its database, as follows:
Southern University
Southern University
Baton Rouge, La. 70813-0001
State Farm later determined that it could not continue Mr. Strickland’s insur-anee because he had not been a licensed driver for three years.[2] State Farm attempted to mail a notice of cancellation to Mr. Strickland on August 25, 2008, stating that his insurance coverage would terminate, effective September 24, 2008, at 12:01 a.m. However, due to State Farm’s error, the notice was sent to the erroneous address contained in State Farm’s database rather than the correct address on the application.
laOn October 5, 2008 Mr. Strickland, as a passenger in his vehicle, was involved in an accident. He was ejected from the vehicle and suffered severe injuries. State Farm denied coverage to Mr. Strickland under the uninsured/underinsured motorist portion of his August 12, 2008 policy on the basis that the policy had been terminated on September 24, 2008.
Mr. Strickland filed suit against State Farm and Carl Mixon (the insurance agent through whom Mr. Strickland procured the policy), alleging that State Farm’s failure to mail the notice of cancellation to his correct address rendered the cancellation ineffective. State Farm alleged that even though it admittedly mailed the cancellation to an incorrect address, it was ultimately delivered to Mr. Strickland. Thus, State Farm contended that the notice of cancellation was effective and there was no policy of insurance issued to Mr. Strickland by State Farm on the date of the accident that would provide coverage to him for the injuries he sustained. State Farm filed a motion for summary judgment, arguing that there were no genuine issues of material fact as to whether it had met the statutory and contractual require- *706 merits of mailing the notice of cancellation to Mr. Strickland.
After a hearing on the motion for summary judgment, the trial court granted judgment in favor of both Carl Mixon and State Farm. Mr. Strickland appeals, urging the following assignments of error:
1. The trial court erred as a matter of law in finding that State Farm satisfied the policy’s contractual requirements for cancellation of coverage.
2. The trial court erred as a matter of law in finding that State Farm satisfied the statutory requirements for cancellation of coverage.
3. The [tjrial [cjourt erred as a matter of law by dismissing plaintiffs claims against Carl Mixon.
LAW AND ANALYSIS
The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by LSA-C.C.P. art. 969; the procedure is favored and shall be construed to accomplish these ends. LSA-C.C.P. art. 966(A)(2). Summary judgment shall be rendered in favor of the mover if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B).
Appellate courts review summary judgments de novo under the same criteria that govern a district court’s consideration of whether summary judgment is appropriate. Samaha v. Rau, 2007-1726, pp. 3-4 (La.2/26/08), 977 So.2d 880, 882; Allen v. State ex rel. Ernest N. Morial-New Orleans Exhibition Hall Authority, 2002-1072, p. 5 (La.4/9/03), 842 So.2d 373, 377; Boudreaux v. Vankerkhove, 2007-2555, p. 5 (La.App. 1 Cir. 8/11/08), 993 So.2d 725, 729-30.
In ruling on a motion for summary judgment, the judge’s role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. All doubts should be resolved in the non-moving party’s favor. Hines v. Garrett, 2004-0806, p. 1 (La.6/25/04), 876 So.2d 764, 765 (per curiam).
A fact is material if it potentially insures or precludes recovery, affects a litigant’s ultimate success, or determines the outcome of the legal dispute. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial |son that issue and summary judgment is appropriate. Id., 04-0806 at p. 1, 876 So.2d at 765-66.
On motion for summary judgment, the burden of proof remains with the movant. And only if the moving party will not bear the burden of proof on the issue at trial can he point out an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense, such that the non-moving party must then produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. See LSA-C.C.P. art. 966(C)(2).
When a motion for summary judgment is made and supported as provided in LSA-C.C.P. art. 967, an adverse party may not rest on the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in LSA-C.C.P. art. 967, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him. LSA-C.C.P. art. *707 967(B). See also Board of Supervisors of Louisiana State University v. Louisiana Agricultural Finance Authority, 2007-0107, p. 9 (La.App. 1 Cir. 2/8/08), 984 So.2d 72, 79-80; Cressionnie v. Intrepid, Inc., 2003-1714, p. 3 (La.App. 1 Cir. 5/14/04), 879 So.2d 736, 738.
Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Richard v. Hall, 2003-1488, p. 5 (La.4/23/04), 874 So.2d 131, 137; Dyess v. American National Property and Casualty Company, 2003-1971, p. 4 (La.App. 1 Cir. 6/25/04), 886 So.2d 448, 451, unit denied, 2004-1858 (La.10/29/04), 885 So.2d 592; Cressionnie v. Intrepid, Inc., 2003-1714 at p. 3, 879 So.2d at 738-39.
IrI. Assignments of Error Numbers One and Two-Whether State Farm met the statutory and contractual requirements to effectively terminate coverage
Louisiana Revised Statutes 22:887 governs the cancellation of insurance policies and states, in pertinent part, that:
A. Cancellation by the insurer of any policy which by its terms is cancellable at the option of the insurer, or of any binder based on such policy, may be effected as to any interest only upon compliance with either or both of the following:
(l)(a) Written notice of such cancellation must be actually delivered or mailed to the insured or to his representative in charge of the subject of the insurance not less than thirty days prior to the effective date of the cancellation except when termination of coverage is for nonpayment of premium.
[[Image here]]
(2) Like notice must also be so delivered or mailed to each mortgagee, pledg-ee, or other known person shown by the policy to have an interest in any loss which may occur thereunder. For purposes of the Paragraph, “delivered” includes electronic transmittal, facsimile, or personal delivery.
[[Image here]]
B. The mailing of any such notice shall be effected by depositing it in a sealed envelope, directed to the addressee at his last address as known to the insurer or as shown by the insurer’s records, with proper prepaid postage affixed, in a letter depository of the United States Post Office. The insurer shall retain in its records any such item so mailed, together with its envelope, which was returned by the post office upon failure to find, or deliver the mailing to the addressee.
(Emphasis added.)
The language of the policy of insurance issued to Mr. Strickland by State Farm essentially mirrors the statutory requirements. The policy states, in pertinent part, that:
|78. Cancellation
(1) We may cancel this policy by mailing or delivering a written notice to the most recent policy address that we have on record for the named insured.
(2) The date cancellation is effective will be at least:
[[Image here]]
(b) 30 days after the date we mail or deliver the cancellation notice if the *708 cancellation is because of any other reason [than for non-payment].
(Emphasis added.)
Thus, there are two ways by law that State Farm could have effected notice of cancellation in this matter:
1) Actual delivery 30 days prior to the cancellation; or
2) Mailed delivery of the notice to the statutorily required address.
State Farm accomplished neither. Its only evidence of actual receipt is Mr. Strickland’s own testimony. In oral reasons for judgment, the trial court stated, “I’ve got the record reflecting proof of notice of mailing as required; proof of receipt prior to the effective date of cancellation.” Thus, it concluded that “[w]hat was sought to be accomplished was accomplished.” This is true only from the perspective of the insurance company. The record does not contain proof of receipt prior to the date of cancellation. What was sought to be accomplished was to give Mr. Strickland a chance to buy other insurance and to protect the public from uninsured drivers. These are the goals of the statute, and they were not accomplished.
The trial court’s judgment in this case relied on its erroneous conclusion that the evidence proved Mr. Strickland received the notice prior to the effective date of cancellation. However, Mr. Strickland actually testified that he received a letter from State Farm less than a week before the October 5, 2008 accident, which is not 30 days prior to the September 24, [ «2008 cancellation date. State Farm cannot rely on the testimony of Mr. Strickland to prove actual notice and then ignore his testimony as to when it was received. Thus, the trial court erred in its conclusion. The purpose of a notice of cancellation is to make known to the insured that his policy is being terminated and to afford him sufficient time to obtain other insurance protection. Broadway v. All-Star Ins. Corp., 285 So.2d 536, 539 (La.1973), citing American Fidelity & Casualty Company v. Knox, 164 F.Supp. 3 (W.D.La.1958).
Moreover, it is undisputed that the notice was mailed to the incorrect address. Evidence of improper mailing of a notice of cancellation creates an issue for the fact finder to resolve. Johnson v. Farm Bureau, 2011-0476 (La.5/6/11), 60 So.3d 607, 608, see also Doucet v. State Farm, 1999-663 (La.App. 5 Cir. 11/30/99), 748 So.2d 1228 (wherein the trial court found, and the appellate court affirmed, that State Farm did not properly cancel an insured’s coverage because it did not meet the minimum requirement to mail the notice to the named insured at the insured’s address, but instead mailed the notice to her fiance. Thus, the court held that the policy was in effect at the time the. accident occurred.)
State Farm cannot rely on its own screw-up in its internal database to deny coverage when it received the correct address on its application.
State Farm did not meet its evidentiary burden of proof in this case. It failed to prove actual receipt prior to termination, and it admits improper mailing. Thus, State Farm is not entitled to summary judgment. These assignments of error have merit.
2. Assignment of Error Number Three—Mr. Mixon’s liability
In his third assignment of error, Mr. Strickland argues that the trial court erred in dismissing his claims against Carl Mixon, the agent through whom he applied for and was issued the policy of insurance. As stated |9earlier, at the time of his application, Mr. Strickland told Mr. Mixon that *709 his driver’s license had been issued on August 28, 2007, and that he had not been licensed to drive for three years and the application so reflected. Thus, Mr. Mixon accepted two months of premium payments from Mr. Strickland and issued him a policy of insurance for which he knew Mr. Strickland was not qualified for.
Moreover, Mr. Strickland also argues that Mr. Mixon possessed his correct mailing address and that it was Mr. Mixon who incorrectly entered his address into the State Farm database. Thereafter, Mr. Mixon was sent a courtesy copy of Mr. Strickland’s notice of cancellation. These facts raise the issue of whether, if Mr. Mixon knew the correct address, and he knew that the notice was issued to the wrong address, should he have personally notified Mr. Strickland that his insurance was to be terminated? In brief to this court, State Farm argues that LSA-R.S. 22:887(H)[3] is clear that Mr. Mixon was under no duty to personally notify Mr. Strickland of the cancellation.
While we agree Mr. Mixon was not primarily responsible for giving any notice of cancellation to Mr. Strickland, he should have known Mr. Strickland did not qualify for the insurance he was issued, and he may be responsible for the incorrect address used in this case. We cannot foreclose the possibility that, under the facts of this ease, he may have had some duty to correct his own errors when they became apparent to him.
[inBecause there remain genuine issues of material fact relating to Mr. Mixon’s issuance of the policy and/or fault in entering an incorrect address into the database, summary judgment in favor of Carl Mixon is also precluded in this case. This assignment of error has merit.
CONCLUSION
For the reasons assigned herein, the judgment of the Nineteenth Judicial District Court, granting the motion for summary judgment in favor of the defendants/appellees, State Farm Mutual Automobile Insurance Company and Mr. Carl Mixon is reversed. This case is remanded to the district court for further proceedings consistent with this opinion. The costs of this appeal are to be borne by State Farm Mutual Automobile Insurance Company and Mr. Carl Mixon.
REVERSED AND REMANDED.

. While the application indicates a "Purch Dt” of August 11, 2008, it also indicates an "App Date” of August 12, 2008. We will assume that the application was completed and accepted by State Farm on August 12, 2008.

. We note that Mr. Strickland’s license issue date was evident on the face of Mr. Strickland’s application and was therefore known to the agent at the time the policy was issued.

. Louisiana Revised Statutes 22:887(H) provides that: "Notice of cancellation or nonre-newal given by the insurer in accordance with this Chapter shall be deemed sufficient. The producer shall not be required to give any separate or additional notice of cancellation or nonrenewal.’’ "Producer” is defined in LSA-R.S. 22:46(13.1) as "a person required to be licensed under the laws of this state to sell, solicit, or negotiate insurance and includes all persons or business entities otherwise referred to in this Code as "insurance agent”, "agent”, "insurance broker”, "broker”, "insurance solicitor”, "solicitor”, or “surplus lines broker”.”